1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

11   EMMETT JOHNSON,

12                  Petitioner,

13        v.

14   S. PERRY,

15

16                  Respondent.

Case No. CV 16-03887 JVS (AFM)

**ORDER SUMMARILY DISMISSING FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF SUBJECT MATTER JURISDICTION**

17

18        Petitioner is a prisoner currently incarcerated at a state prison facility in
19   Corcoran, California.  On April 6, 2016, he filed a Petition for Writ of Habeas
20   Corpus (28 U.S.C. § 2254) in the United States District Court for the Eastern
21   District of California; on May 20, 2016, he filed a First Amended Petition.  On
22   May 31, 2016, the First Amended Petition was transferred to the United States
23   District Court for the Central District of California because petitioner is purporting
24   to challenge a judgment of conviction he sustained within the territorial limits of
25   the Central District.  (ECF No. 7.)
26        The First Amended Petition is directed to the same 1996 Los Angeles County
27   Superior Court judgment of conviction as three prior habeas actions filed by
28   petitioner in this Court.  First, in September 2010, petitioner's action in Case

Number CV 10-6792-JVS-RZ was summarily dismissed without prejudice for lack of jurisdiction because petitioner had failed to file a proper habeas petition. Second, in December 2013, the petition in Case Number CV 13-7464-JVS-RZ was dismissed with prejudice as time-barred.  Third, in August 2014, the petition in Case Number CV 14-5869-JVS-RZ was summarily dismissed without prejudice as successive.  Before filing this third action, petitioner filed an application in the Ninth Circuit Court of Appeals for authorization to file a successive petition [Case Number 14-70287], but his application was denied in February 2014.  Petitioner has not filed a subsequent application in the Ninth Circuit.

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. 104-132, 110 Stat. 1214) ("AEDPA") governing successive petitions apply to all habeas petitions filed after the effective date of the AEDPA (April 24, 1996), without regard to when the conviction was sustained or when the first petition was filed.  *See Cooper v. Calderon*, 274 F.3d 1270, 1272 (9th Cir. 2001); *United States v. Villa-Gomez*, 208 F.3d 1160, 1163-64 (9th Cir. 2000).  Section 106 of the AEDPA, amended as 28 U.S.C. § 2244(b), reads in pertinent part as follows:

> (1)   A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

> (2)   A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--

> (A)   the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

> (ii)   the facts underlying the claim, if proven and

2

viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

(3)    (A)    Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

The First Amended Petition now pending constitutes a successive petition challenging the same judgment of conviction as did the habeas petition in Case Number CV 13-7464-JVS-RZ, which was denied as untimely and dismissed with prejudice.  *See, e.g., McNabb v. Yates*, 576 F.3d 1028, 1030 (9th Cir. 2009) (holding that dismissal of a habeas petition as time barred under 28 U.S.C. § 2244(d)(1) constitutes a disposition on the merits and renders a subsequent petition second or successive for purposes of 28 U.S.C. § 2244(b)).  Thus, to the extent that petitioner now is purporting to again challenge his state conviction, it was incumbent on him under § 2244(b)(3)(A) to secure an order from the Ninth Circuit authorizing the District Court to consider his claims, prior to his filing of the instant action in the District Court.  Petitioner has not secured authorization from the Ninth Circuit to file a successive petition.  His failure to do so deprives the Court of subject matter jurisdiction. *See Cooper*, 274 F.3d at 1274.[1]

---

[1]   The Court does not construe the now pending First Amended Petition as having been "mistakenly" submitted in the District Court rather than the Court of Appeals. From all indications, petitioner intended to file a successive petition in the District Court.  Moreover, petitioner apparently is aware of the procedures for filing an application in the Court of Appeals for authorization to file a successive petition because he has filed such an application previously.  Accordingly, there is no basis for referral to the Court of Appeals under Ninth Circuit Rule 22-3.  If petitioner wishes to file a successive petition in the District Court, he must first obtain

IT THEREFORE IS ORDERED that this action be summarily dismissed without prejudice, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

LET JUDGMENT BE ENTERED ACCORDINGLY.


DATED:  June 07, 2016

_____
JAMES V. SELNA
UNITED STATES DISTRICT JUDGE


Presented by:

_____
Alexander F. MacKinnon
United States Magistrate Judge

authorization from the Court of Appeals via an application filed in the Court of Appeals demonstrating his entitlement to such authorization.  *See* Ninth Circuit Rule 22-3; 28 U.S.C. § 2244(b)(3)(A).

4